UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA TROUILLIER **Plaintiff** | * * |
| | * CASE NO. |
| VERSUS | * |
| | * JUDGE |
| | * |
| HOBBY LOBBY STORES, INC. **Defendant** | * MAGISTRATE * * |
| | * JURY DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO: The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, Hobby Lobby Stores, Inc., pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, hereby removes this matter from the Docket of the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, to the docket of this Honorable Court.

1.

On April 1, 2020, Plaintiff filed a Petition for Damages in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, entitled *Wanda Trouillier v. Hobby Lobby Stores, Inc.,* bearing case number 2020-11609.[1]

---

[1] *See* Exhibit "A", Petition for Damages.

1

2.

Plaintiff's Petition alleges personal injuries as a result of an incident on or about May 4, 2019 at a Hobby Lobby Store in Slidell, Louisiana. Plaintiff alleges that she "slipped and fell in a puddle of unknown substance on the floor."[2]

Plaintiff's Petition did not specify an amount of damages sought. The Fifth Circuit Court of Appeals has established the framework for resolving jurisdictional disputes where no specific amount of damages is asserted in the Petition.[3] The removing Defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[4] The Defendant may make this showing in two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[5]

In this case, Plaintiff, through her counsel of record, has stipulated that her damages will exceed $75,000.[6] Pursuant to 28 U.S.C.A. 1446(b)(3), "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added).

---

[2] Petition, at par. 5.
[3] *James v. Home Depot USA, Inc.*, 2002 WL 1453824 at *1 (E.D. La. 2002) (*citing Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).
[4] *Id.*
[5] *Id.*
[6] Exhibit "B" (Email correspondence dated May 5, 2020).

3.

Here, removal is timely because it was filed within 30 days of receipt of the May 5, 2020 e-mail indicating that the amount in controversy exceeds $75,000.[7]

4.

Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

A. The properly joined and served parties to this action are completely diverse:

1. Plaintiff, Wanda Trouillier, is a person of full age of majority and is domiciled in the Parish of St. Tammany, State of Louisiana;[8] and

2. Hobby Lobby Stores, Inc., is a foreign corporation, incorporated under the laws of Oklahoma, with a principal place of business in Oklahoma.

The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.[9] As is proper under Louisiana law, the petition does not specify an amount of damages sought. However, Plaintiff claims that her damages exceed $75,000.[10] Where the Plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith."[11] In this case, there is no evidence to suggest that Plaintiff's statement regarding the potential value of her claim was made in bad faith. Additionally, there is no evidence to suggest, let alone establish to a legal certainty, that the claim is really for less than the jurisdictional amount.

---

[7] *See* Exhibit "B" (Email).
[8] *See* Exhibit "A" (Petition for Damages).
[9] *See* Exhibit "B" (Email).
[10] *Id*.
[11] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (C. A. 5 Cir. 1996).

Moreover, as the past general damages awards for similar injuries and procedures either exceed the jurisdictional amount alone, or would when combined with Plaintiff's special damages, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

7.

The 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

8.

Hobby Lobby Stores, Inc. prays for a jury trial on all issues.

**WHEREFORE**, removing Defendant, Hobby Lobby Stores, Inc., prays that the above action now pending in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, be removed therefrom to this Honorable Court. Hobby Lobby Stores, Inc. additionally prays for a jury trial on all issues.

Respectfully submitted,
**WANEK KIRSCH DAVIES LLC**

/s/ *Lindsay G. Faulkner*
**PETER J. WANEK (23353)**
**LINDSAY G. FAULKNER (33863)**
**KATHRYN T. TREW (34116)**
1340 Poydras St., Ste. 2000

New Orleans, LA  70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed or via electronic mail this 2nd day of June, 2020.

*/s/ Lindsay G. Faulkner*