UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA TROUILLIER | CIVIL ACTION |
| VERSUS | NO: 20-1588 |
| HOBBY LOBBY STORES, INC. | SECTION: "A" (4) |

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Summary Judgment on Medical Causation (Rec. Doc. 21)** filed by the defendant, Hobby Lobby Stores, Inc. The plaintiff, Wanda Trouillier, opposes the motion. The motion, noticed for submission on September 1, 2021, is before the Court on the briefs without oral argument.

Plaintiff filed this lawsuit to recover for injuries that she claims resulted after she slipped on an unknown substance while shopping at Hobby Lobby. Plaintiff contends that she sustained severe injuries. Apparently, Plaintiff had some preexisting orthopedic issues but she contends that they were either stable prior to the fall or at the very least exacerbated by the fall.

A jury trial is scheduled for December 6, 2021. (Rec. Doc. 18).

Hobby Lobby now moves for summary judgment on the issue of medical causation arguing that based on the current state of the evidence, Plaintiff cannot meet her burden of proof at trial.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing*

1

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

The Court denies the motion as premature because as Plaintiff has pointed out in her opposition, discovery is ongoing and the discovery cutoff date has not expired. Plaintiff should carefully consider, however, the potential deficits in the evidence that Hobby Lobby has identified in its motion.

Further, the Court notes that Hobby Lobby has just filed a motion to extend its expert

report deadline so that it can conduct an IME. It is not clear whether Plaintiff consents to the relief requested but the Court will grant it in light of the cited delays caused by Hurricane Ida. This action is consistent with what the Court has done in other civil cases following Ida.

The parties shall keep their settlement conference date with the magistrate judge. The Court will extend the deadline for filing and submitting dispositive motions and Daubert motions if the parties request such an extension.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment on Medical Causation (Rec. Doc. 21)** filed by the defendant, Hobby Lobby Stores, Inc., is **DENIED** as premature.

**IT IS FURTHER ORDERED** that the **Motion to Extend Expert Report Deadline (Rec. Doc. 28)** filed by the defendant, Hobby Lobby Stores, Inc., is **GRANTED**.

September 21, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE