# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WANDA TROUILLIER** | * | |
| **Plaintiff** | * | |
| | * | **CASE NO.   20-1588** |
| **VERSUS** | * | |
| | * | **JUDGE  JAY C. ZAINEY** |
| | * | |
| **HOBBY LOBBY STORES, INC.** | * | **MAGISTRATE JUDGE KAREN** |
| | * | **WELLS ROBY** |
| | * | |
| | * | **JURY DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Hobby Lobby Stores, Inc. (hereafter "Hobby Lobby"), respectfully submits the following Memorandum in Support of its Motion for Summary Judgment.  In support, Defendant references and incorporates herein, as if copied in extenso, all exhibits to the Motion for Summary Judgment.

### STATEMENT OF THE CASE

Plaintiff Wanda Trouillier filed a Petition for Damages related to an incident that occurred on May 4, 2019, at the Hobby Lobby store located at 1555 B. Gause Boulevard, Slidell, LA 70458.[1] Plaintiff alleges that on this date, she was shopping for merchandise in Hobby Lobby when she

---

[1] Exhibit "A" Petition for Damages at ¶ 2.

slipped and fell in a puddle of unknown substance on the floor sustaining injuries.[2]

The deposition of Plaintiff, Wanda Trouillier, was taken on May 26, 2021. Plaintiff testified she and her sister were shopping together at the Hobby Lobby store on the date of the incident.[3] During her deposition, Plaintiff testified she slipped on an object that she thought was bath beads, which she claimed created a gooey substance on the floor.[4] Plaintiff testified she does not know how those bath beads came to be on the floor or how they got smashed to create the gooey substance.[5] Plaintiff testified she has no information to establish how long the bath beads came to be on the floor or were smashed before the incident.[6] Moreover, Plaintiff has no information to establish that Hobby Lobby or any employee caused the bath beads to be on the ground or whether Hobby Lobby or any employee had any knowledge that the beads had fallen on the ground or were smashed before the incident.[7]

Plaintiff's sister, Una Faciane, provided her deposition testimony on May 26, 2021, as well. She testified she did not see Wanda fall.[8] She testified she did not have any conversations with Hobby Lobby customers or employees before the incident, and she did not overhear anything employees or customers said, including any warning, before the fall.[9] Ms. Faciane further testified that she has "no idea" how the bath beads got on the ground or got smashed.[10] She stated, "I didn't see any children around, I didn't see anybody around that area. I don't know how that happened."[11] Ms. Faciane didn't have any conversations with any employees or customers before or after the

---

[2] *Id.* at ¶¶ 5-6.
[3] Exhibit "B" Deposition of Plaintiff at p. 139:2-25.
[4] *Id.* at p. 163:2-24.
[5] *Id.* at p. 163-164:25-3.
[6] *Id.* at p. 164:8-14.
[7] *Id.* at p. 166-167:19-6.
[8] Exhibit "C" Deposition of Una Faciane at p. 32:1-7.
[9] *Id.* at p. 32:15-23.
[10] *Id.* at p. 44:11-14.
[11] *Id.* at p. 44:17-20.

incident, and she did not overhear anything specific that any employee or customer said after the accident.[12] More importantly, Ms. Faciane testified she has no information to establish how the bath beads got on the ground, how long they were on the ground before the incident, or that any Hobby Lobby employee knew the bath beads were on the ground before the incident.[13]

Plaintiff has no evidence to establish that Hobby Lobby either created or had actual or constructive notice of the bath beads on the floor that allegedly caused her fall, an essential element of her claim under La. R.S. 9:2800.6 or La. Civ. Code arts. 2317.1. As such, Plaintiff cannot satisfy her burden of proof at trial and Defendant is entitled to judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(b) provides that a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for summary judgment in the party's favor. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[14]  Where the non-moving party will bear the burden of proof at trial on the dispositive issue; that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an essential element to that party's case in order to survive summary judgment.[15]

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt to the material facts.[16] The non-moving party

---

[12] *Id*. at p. 51:16-25.
[13] *Id*. at p. 54-55:8-4.
[14] Federal Rule of Civil Procedure 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
[15] *Celotex*, 477 U.S. 322.
[16] *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).

must come forward with specific facts showing there is a genuine issue for trial.[17] The mere existence of a scintilla of evidence on the non-moving party's position is insufficient to defeat a properly supported motion for summary judgment.[18] The non-moving party must present evidence upon which a reasonable jury could reasonably find for the plaintiff.[19]

"Although the defendant has the burden to establish that summary judgment is appropriate, **its entitlement to relief can be accomplished by showing a complete absence of record evidence to support an essential, indeed a mandatory, element of the plaintiff's claim**." (emphasis added). *Jolliff v. U.S.,* 2012 WL 2449952, *6 (E.D. La. 6/27/12) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986)).

In the case at bar, no evidence exists that Hobby Lobby either created or had actual notice of a condition which constituted an unreasonable risk of harm. "Thus, Plaintiff has failed to provide evidence in support of his case so as to establish a genuine issue of material fact for trial" and summary judgment is appropriate. *Jolliff*, 2012 WL 2449952 at *5.

## SUBSTANTIVE LAW

Plaintiffs have the burden of proving liability under Louisiana Civil Code Articles 2317.1 or Louisiana Revised Statute 9:2800.6.  Under either statute, Plaintiff must prove the following:

(1) the condition presented an unreasonable risk of harm and that risk of harm was reasonably foreseeable;

**(2) Defendants either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;** and

(3) Defendants failed to exercise reasonable care.[20]

---

[17] *Matsushita*, 475 U.S. 587, 106 S.Ct. 1356.
[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986).
[19] *Id.*
[20] La. R.S. 9:2800.6(B); La. C.C. art. 2317.1; La. C.C. art. 2322.

The plaintiff bears the burden of proving each requirement enumerated by the statute;[21] failure to prove any one element will prove fatal to her claim and entitles the defendant to summary judgment.[22]

Under Louisiana law, a store owner has a duty to take reasonable care for the safety of its patrons, but the store is not the insurer of their safety.[23] Accordingly, the merchant has no duty to keep its entrances, aisles, and passageways in perfect condition.[24] Rather, the duty of the merchant to protect its customers from foreign substances is one of "reasonable care under the circumstances."[25]

La. R.S. 9:2800.6 legislatively codified the above cited jurisprudence, providing in pertinent part:

A)     A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous condition which reasonably might give rise to damage.

B)     In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:

(1)     The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

**(2)     The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence;**

(3)     The merchant failed to exercise reasonable care.

---

[21] *White v. Wal-Mart Stores, Inc*., 1997-0393 (La. 9/9/97), 699 So. 2d 1081.
[22] *White,* 699 So. 2d 1081.
[23] *Rodriguez v. New Orleans Public Service, Inc.*, 400 So. 2d 884 (La. 1981); *Crochet v. Hospital Service, District No. 1*, 476 So. 2d 516 (La. App. 1st Cir. 1985); *Miller v. McDonald's Corp.*, 439 So. 2d 561 (La. App. 1st Cir. 1983).
[24] *Smith v. Winn Dixie Stores of Louisiana, Inc.*, 389 So. 2d 900 (La. App. 4th Cir. 1980); *Stockwell v. Great Atlantic & Pacific*, 583 So. 2d 1186 (La. App. 1st Cir. 1991).
[25] *Robinson v. F.W. Woolworth Co.*, 420 So. 2d 737 (La. App. 4th Cir. 1982).

C)   Definitions:

(1)   "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition

(2)   "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants and lobby areas of or within the hotel, motel, or inn.

(emphasis added).

In *White v. Wal-Mart Stores, Inc.,*[26] the Louisiana Supreme Court addressed the question of **constructive notice** under La. R.S. 9:2800.6.   The Court found the statute clearly and unambiguously contains no provision for shifting the burden to the defendant to prove his lack of culpability.   Thus, plaintiff bears the burden to prove each element of his or her cause of action under La. R.S. 9:2800.6.   The Court further found that because the statute plainly defines constructive notice to include a mandatory temporal element, the plaintiff must come forward with positive evidence showing that the damage-causing condition existed for some period of time prior to plaintiff's fall, and that such time was sufficient to place the merchant defendant on notice of its existence.

In interpreting La. R.S. 9:2800.6, the Court further held that at no point does the burden of proof shift to the defendant.   The failure to prove any one of these elements negates a plaintiff's cause of action.[27]   Thus, a defendant merchant does not have to make a positive showing of the

---

[26] *White v. Wal-Mart Stores, Inc.,* 97-C-0393, (La. 9/9/97), 699 So. 2d 1081.
[27] *Davenport v. Albertson's, Inc.,* 774 So.2d 340, 343 (La.App. 3 Cir. 2000);   citing:   *White v. Wal-Mart*

absence of the existence of the condition prior to the fall.[28]  The *White* Court also stated that a claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice.[29]

The Supreme Court also discussed the liability of merchants for slip and falls in *Babin v. Winn Dixie of Louisiana, Inc.*[30]  Babin sued Winn Dixie for injuries he allegedly sustained when he slipped and fell on several plastic toothpick boxes.  Plaintiff admitted in his deposition that he did not know how the toothpick boxes arrived on the floor, nor did he know how long they had been on the floor before he fell.[31]  The district court granted Winn Dixie's motion for summary judgment and the Court of Appeal reversed, speculating that plaintiff may be able to show there was a possibility the boxes had been on the floor for some period of time prior to the incident.

The Louisiana Supreme Court rejected the analysis of the Appellate Court, noting, "such speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial."[32]  Plaintiff's speculation that the condition may have existed for some period of time prior to his fall was not a "positive showing" that the condition did exist for some time period prior to his fall.  In sum, the Court held that a plaintiff must produce "factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial."[33]  In the absence of such evidentiary support, summary judgment under La. R.S. 9:2800.6 is appropriate.

In this case, Plaintiff cannot meet her burden of proving that Defendant created the

---

[28] *Id*. at. 1084.
[29] *Id*.
[30] 764 So. 2d 37 (La. 6/30/00)
[31] *Id*. at 38.
[32] *Id*. at 40, citing *White v. Wal-Mart Stores, Inc*. (emphasis added)
[33] *Id*.

condition, had actual notice of the condition's presence before the incident, or had constructive notice of the condition's presence pursuant to La. R.S. 9:2800.6. As in the aforementioned cases, Plaintiff in the present case has no evidence that Hobby Lobby created the condition, had actual notice of the condition, or that the condition was on the floor for such a period of time that Defendant should have discovered it in the exercise of reasonable care. Like the plaintiff in *Babin*, Plaintiff in the present case also testified in her deposition that she possesses no information regarding how the substance came to be on the floor, that any employee knew the substance was on the floor, or that any employee caused the substance's presence on the floor:

> Q:  Okay. So you don't know if someone – like a customer intentionally – like a child intentionally put them on the ground and stomped on them on purpose, or they fell out of someone's cart, or they fell out of a shelf? You don't know how they got on the ground and how they were smashed, right?
>
> **A:  No, I don't.**
>
> Q:  And you don't know if they got on the ground and were smashed kind of simultaneously, right?
>
> **A:  No, I don't.**
>
> Q:  And you don't know if any Hobby Lobby employee or – you don't have any information to establish that any Hobby Lobby or employee caused the substance or the bath beads to come to be on the ground or to be smashed before the incident, correct?
>
> **A:  No.**
>
> Q:  And you don't know whether any Hobby Lobby employee or agent had any knowledge that the bath beads had either fallen on the ground or were smashed before the incident, right?
>
> **A:  No.**[34]

Moreover, Plaintiff explicitly stated she does not know how long before she fell that the

---

[34] Exhibit "B" at p. 166-167:5-6.

bath beads came to be on the floor or became smashed.[35] She stated there were no Hobby Lobby employees or customers in the area where she fell.[36] Moreover, Plaintiff's sister, who was shopping with her at Hobby Lobby on the date of the accident, testified she has no information to establish how the bath beads got on the ground and broke, how long the broken bath beads were on the ground before the incident, or that any Hobby Lobby employee knew that the balls were on the ground and broken before the incident.

In sum, Plaintiff merely contends she sustained injuries when she slipped and fell on a substance on the floor at Hobby Lobby. Plaintiff produces no evidence to create a "positive showing" that any Hobby Lobby employee had actual notice of the condition, created the condition, or that the condition was on the floor for such a period of time that Hobby Lobby should have discovered it in the exercise of reasonable care. Plaintiff's deposition testimony and the deposition testimony of her sister clearly reveal the lack of evidence in this case, as both women admit they have no information as to how the bath beads got on the floor, when they got on the floor and were smashed, or how long they were on the floor prior to the fall. The mere fact that Plaintiff slipped and fell on a substance on the floor in Hobby Lobby and sustained injuries is insufficient to hold Hobby Lobby liable under La. R.S. 9:2800.6 or 2317.1. Accordingly, because Plaintiff cannot prove one of the elements necessary to meet her burden of proof at trial, summary judgment in favor of Hobby Lobby is appropriate.

## CONCLUSION

For the aforementioned reasons, no genuine issues of material fact exist and Hobby Lobby is entitled to judgment as a matter of law. The jurisprudence on the amount of proof required to defeat a summary judgment in a slip-and-fall case is clear. Because Plaintiff cannot produce a

---

[35] *Id*. at p. 164:4-7.
[36] *Id*. at p. 168:17-19.

"positive showing" that Hobby Lobby had actual or constructive notice of the substance on the floor or that a Hobby Lobby employee created the substance on the floor, summary judgment in favor of Hobby Lobby is appropriate in this matter. No genuine issue of material fact exists as the Plaintiff fails to provide positive evidence of an essential element of her claim. Accordingly, this Honorable Court should grant summary judgment in this matter, dismissing Plaintiff's claims against Hobby Lobby with prejudice, at Plaintiff's cost.

**Respectfully submitted,**

/s/ *Kathryn T. Trew*
PETER J. WANEK (23353)
KATHRYN T. TREW (34116)
WANEK DAVIES KIRSCH LLC
1340 Poydras St., Ste. 2000
New Orleans, LA 70112
Telephone: (504) 346-6493
Fax: (504) 346-6626

**<u>CERTIFICATE</u>**

I do hereby certify that I have on this 28th day of September, 2021, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by filing this pleading electronically using the United States District Court for the Eastern District of Louisiana ECF system.

/s/   Kathryn T. Trew