UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WANDA TROUILLIER** | **CIVIL ACTION** |
| **VERSUS** | **NO:   20-1588** |
| **HOBBY LOBBY STORES INC** | **SECTION: "A" (4)** |

## ORDER

Before the Court is a Motion to Compel (R. Doc. #41) filed by the Plaintiff seeking an order compelling the Defendant, Hobby Lobby Stores, Inc. to provide deposition dates for Hobby Lobby Liability Adjuster Scott Mobly. R. Doc. 50. The motion was heard by oral argument on November 10, 2021.

### I.     Background

In April 2020, Plaintiff Wanda Trouillier ("Trouillier" or "Plaintiff") filed a petition for damages for injuries she sustained while shopping at a Hobby Lobby store in Slidell, Louisiana. R. Doc. 1, p.1. Trouillier initially filed the petition in the 22nd Judicial District Court for the Parish of St. Tammany. *Id*. On June 6, 2020, the case was removed to the United States District Court for the Eastern District of Louisiana. *Id*.

Trouillier contends that on May 4, 2019 while shopping, she slipped and fell on an unknown substance. *Id*. at p. 2. As a result, she has alleged in her complaint that she suffered physical injury, mental suffering, loss wages, and the expense of medical bills related to the fall. R. Doc. 1-1, p. 3.

As to the instant motion, Plaintiff contends that Defendant has refused to provide deposition dates for Scott Mobly ("Mobly"), a liability adjustor in Hobby Lobby's Risk Management Department who was assigned to Trouillier's incident. Plaintiff seeks the deposition

testimony of Mobly to determine if any surveillance video of the incident exists, and if there was surveillance video, what exactly did it capture.

Defendant indicated in discovery responses that there was no surveillance video of the incident, however Plaintiff contends that there has been evidence that contradicts this assertion. R. Doc. 41-1. Specifically, Plaintiff points to the "Customer Incident Report" completed by Store Manager Nicole Boudreaux ("Boudreaux"), as well was, her deposition testimony. *Id*. Given the inconsistences, Plaintiff seeks to depose Mobly since was he identified as someone who saw the surveillance video from the day of the Trouillier's fall.

On August 19, 2021, Plaintiff's counsel emailed the Defendant seeking depositions dates for Mobly. R. Doc. 41-6. After receiving no response, on September 17, 2021, counsel again asked for deposition dates for Mobly. *Id*. Defense counsel responded on the same day objecting to the deposition on the grounds of relevance and privilege. In an attempt to resolve the disagreement, the parties conducted a Rule 37 conference, but still could not come to an agreement. *Id*. As such Plaintiff filed this Motion to Compel.

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that

"control of discovery is committed to the sound discretion of the trial court ..." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

### III.    Analysis

Plaintiff filed the subject motion seeking an order from the Court compelling Defendant to provide depositions dates for Scott Mobly, a liability adjuster in Hobby Lobby's Risk Management Department. Plaintiff contends that a deposition of Mobly will help establish that Hobby Lobby was on notice of the substance that caused Trouillier's fall. While Defendant has claimed that there is no video surveillance of the incident, Plaintiff contends that this conflicts with the Customer Incident Report, filled out by Boudreaux, which indicated that Trouillier's fall was captured on surveillance video. R. Doc 41-4. Plaintiff also points to Boudreaux's deposition testimony where she admitted to watching surveillance video with Mobly, but she also stated that she could not remember what she saw. R. Doc. 50-2 p. 19.

Defendant contends that the Court should deny Plaintiff's request to depose Mobly. First Defendant contends that there is no video surveillance footage of the fall. They also point to Boudreaux's deposition testimony where she indicated that there was no surveillance in the area that would have capture the incident when showed the approximate area where the Trouillier's fall occurred. R. Doc. 50-2 p. 31. Defendant also informed the Court that surveillance video from the three cameras closest to the fall has already been produced from an hour before the fall until shortly after the fall

Regarding the issue of notice, Defendant contends that Mobly is an after the fact witness whose testimony would not go toward the issue. Defendant claims that outside of what he saw on the video surveillance, Mobly has no direct knowledge about the incident. Moreover, since the cameras did not capture the area where the fall occurred, Mobly does not have any relevant information on the issue of notice. Additionally, Defense counsel submitted that she reports directly to Mobly and that he will participate in any settlement conferences, therefore it will be difficult to avoid privileged and confidential communications in a deposition. As such, Defendants argue that a deposition of Mobly is not relevant to Plaintiff's claim and is cumulative and duplicative given what has already been produced.

Plaintiff concedes that Defendant produced some video surveillance, however she contends that the footage that was provided is a tight shot and appears to be zoomed in. Plaintiff further argues that the deposition is necessary because there is no video surveillance provided of Trouillier after the fall or leaving the store. Plaintiff contends that this presents a credibility issue that should be explored through a deposition of Mobly. Plaintiff also attempts to describe Mobly's role as an investigator and argues that as such a deposition is necessary to determine what steps he took in his investigation of Trouillier's claim.

In response, Defendant reiterated that Mobly works in risk management and did not investigate Trouillier's fall. As a liability adjuster he reviews video surveillance to determine which video should be preserved. Defendant contends that Mobly does this for multiple incidents every day and is not likely to remember in detail what he saw on the cameras for this specific incident.

Discovery rules are accorded a broad and liberal treatment in order to affect their purpose of adequately informing litigants in civil trials. *Lando*, 441 U.S. 176. The Court notes in 2015, Federal Rule of Civil Procedure 26 was amended to reflect that, "[i]nformation is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense . . ." 2015 Amendment, Comment to Fed. R. Civ. Pro. 26. This current standard of discoverability is more limited to direct relevance as opposed to the previous version of Rule 26 that stipulated information is relevant if it is "likely to lead to the discovery of relevant evidence." *Woodward v. Lopinto*, No. CV 18-4236, 2020 WL 3960396, at *5 (Roby, M.J.) (E.D. La. July 13, 2020) (citing *Rivera v. Robinson*, No. CV 18-14005, 2019 WL 6134190, at *4 (Roby, M.J.) (E.D. La. Nov. 19, 2019)). Moreover, if the discovery seems relevant, the burden to establish lack of relevance is on the party resisting the discovery. *Heaton v. Monogram Credit card Bank of Georgia*, No. 98-1823, 2004 WL 515760, at *4 (E.D. La 2004).

Here, the Court finds that the Defendant has met their burden of establishing that the sought-after deposition is not relevant. While, Plaintiff put forth multiple arguments as to why the deposition would be necessary, none showed that the deposition of Mobly would in fact lead to admissible evidence.

First, Plaintiff argued that the deposition is relevant to the issue of notice. Both parties concede that video footage has already been produced. According to Defendants this footage is

5

from the three closest cameras and contains footage from before and after the incident. More importantly, it has been established that none of the cameras in Hobby Lobby show the area where the fall occurred and Mobly will not be able to provide testimony to the contrary.

Plaintiff next argued that the deposition is necessary because the video footage provided does not show Trouillier entering the store, leaving the store, or shopping after her fall. According to Plaintiff, this raises credibility issues related to the camera production that could be explained by Mobly. While Plaintiff argued that it is possible that the footage provided is not of the correct day or time, or that the camera was zoomed in so as to not show the area of the fall she presented no evidence to substantiate this claim nor do they show any bad faith by the Defendant in their production. Moreover,

Plaintiff also claims that Mobly acted as an investigator into the Trouillier's fall. However, Defendant was adamant that Mobly is not an investigator, he works in risk management as a liability adjuster, and was not involved in any investigation in the fall or what caused it. Risk management is not the same as investigation and without further evidence to establish that Mobly was an investigator a deposition is not relevant.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Deposition Dates (R. Doc. 41)** is **DENIED.**

New Orleans, Louisiana, this 23th day of November 2021.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**