UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA TROUILLIER | CIVIL ACTION |
| VERSUS | NO: 20-1588 |
| HOBBY LOBBY STORES, INC. | SECTION: "A" (4) |

## **ORDER AND REASONS**

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 33)** and **Re-Urged Motion for Summary Judgment on Medical Causation (Rec. Doc. 34)**, both filed by the defendant, Hobby Lobby Stores, Inc. The plaintiff, Wanda Trouillier, opposes the motions. The motions, noticed for submission on November 10, 2021, are before the Court on the briefs without oral argument.

Plaintiff filed this lawsuit to recover for injuries that she claims resulted after she slipped on an unknown substance while shopping at the Hobby Lobby store located in Slidell, Louisiana. Plaintiff contends that she sustained severe injuries. Apparently, Plaintiff had some preexisting orthopedic issues but she contends that they were either stable prior to the fall or at the very least exacerbated by the fall. Defendant removed the case to this Court based on diversity jurisdiction.

Previously, Hobby Lobby moved for summary judgment on the issue of medical causation arguing that Plaintiff would not be able to meet her burden of proof at trial. On September 21, 2021, the Court denied that motion at Plaintiff's behest as premature given that discovery was ongoing. (Rec. Doc. 32, Order and Reasons).

1

A jury trial had been scheduled for December 6, 2021. (Rec. Doc. 18, Scheduling Order). On November 1, 2021, the Court granted the parties' motion to continue the trial and all pretrial deadlines. (Rec. Doc. 49, Order). The parties participated in a settlement conference with the magistrate judge on November 16, 2021, but no resolution was reached. (Rec. Doc. 60, Minute Entry). A telephone conference with the Court is currently set for January 5, 2022.

Via its current motions for summary judgment Hobby Lobby argues that Plaintiff cannot prove negligence under Louisiana law, and re-urges its arguments pertaining to medical causation.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic

2

argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

The Court begins with Defendant's motion for summary judgment on the issue of fault. The Court has reviewed the depositions of the plaintiff, Ms. Wanda Trouillier, her sister, Ms. Una Faciane, and Hobby Lobby employees Sandra Clarke and Nicole Boudreaux. Although no one actually witnessed Ms. Trouillier falling to the ground, Hobby Lobby does not dispute Ms. Trouillier's claim that she slipped in a mysterious gel-like substance on the date in question. Ms. Faciane and Ms. Clarke both saw the substance on the floor after the incident, and Ms. Clarke testified that she cleaned it up so that no one else would fall in it. It also seems pretty much beyond dispute that the gel-like substance derived from a product sold in the store.

But even assuming medical causation in Plaintiff's favor, Louisiana is not a strict liability jurisdiction when it comes to slip and fall incidents on a merchant's premises. In Louisiana, slip and fall cases are governed by La. R.S. § 9:2800.6, Burden of Proof in Claims Against Merchants, which states in relevant part:

A. A merchant owes a duty to persons who use his premises to exercise

reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

*(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.*

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. § 9:2800.6 (emphasis added).

In addition to all other elements of her cause of action, the plaintiff must also prove each of the enumerated requirements of Section B above.[1] *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997).

No one questions that the gel-like substance presented an unreasonable risk of harm to shoppers in the store and that an incident like Ms. Trouillier's was reasonably foreseeable had the substance remained on the floor—after all, Ms. Clark testified that she cleaned the mess up immediately after she learned about it precisely so that no one

---

[1] There is some overlap with the standard negligence elements—duty, breach, cause in fact, harm within the scope of duty, and actual damages. *White*, 699 So. 2d at 1084 n.3 (citing *Mathieu v. Imperial Toy, Corp.,* 646 So. 2d 318, 321–22 (La. 2011)).

else would fall down in it. Thus, the Court does not consider § 9:2800.6(B)(1) to be in question.

No witness could offer any evidence, direct or circumstantial, to indicate or even suggest how the substance came to be on the floor. In other words, there is no evidence whatsoever from which anyone could infer that Hobby Lobby either created the hazard or had actual knowledge of it. Thus, for purposes of § 9:2800.6(B)(2), constructive notice is the issue in this case. Constructive notice is defined in the statute:

> "Constructive notice" means the claimant has proven that the condition existed for **such a period of time** that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

*Id.* § 9.2800.6(C)(1) (emphasis added).

In *White v. Wal-Mart*, the Louisiana Supreme Court explained that the statute's definition of constructive notice includes a temporal element ("such a period of time'") and that the statute does not allow for the inference of constructive notice absent some affirmative showing of this temporal element. 699 So. 2d at 1084; *Babin v. Winn-Dixie La., Inc.*, 764 So. 2d 37, 40 (La. 2000). The plaintiff must make a positive showing of the existence of the condition prior to the fall. *White,* 699 So. 2d at 1084. Though there is no bright line time period, the plaintiff must show that "the condition existed for such a period of time" prior to the fall. *Id.* A plaintiff who simply shows that the condition existed without an additional showing that the condition existed for "some time" before the fall has not carried the burden of proving constructive notice as mandated by the statute. *Id.*

Importantly, § 9.2800.6 contains no provision for shifting the burden to the

defendant to prove its lack of culpability. *Id.* at 1084. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. *Id.* The burden of proof rests with the plaintiff at all times.

No witness could offer any evidence to indicate *when* the substance came to be on the floor. And while the plaintiff is not expected to pinpoint the exact point in time when the substance came to be on the floor, there is no circumstantial evidence in this case from which an inference could be made that the gel-like substance had been on the floor for "such a period of time" such that Hobby Lobby' should have discovered the condition, and having failed to do so, failed to exercise reasonable care for purposes of § 9:2800.6(B)(3). In other words, the substance could have been on the floor since the store closed the evening before or since the store opened at 9:00 a.m. (Plaintiff's incident occurred at about 10:00 a.m.) or since no longer than immediately before Plaintiff proceeded down the aisle and fell. Unfortunately, Plaintiff must offer positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place Hobby Lobby on notice of its existence. *White*, 699 So. 2d at 1082. Constructive notice cannot be established without such evidence. Given the complete absence of positive evidence in this case, Plaintiff cannot proceed to trial relying on the chance that the jury would make a guess in her favor.

The arguments raised in Plaintiff's opposition miss the mark. For the most part, Plaintiff's arguments constitute an attempt to shift the burden to Hobby Lobby by suggesting that the store's employees must have failed to exercise reasonable care otherwise they would have discovered the substance on their own, and that Hobby Lobby has not produced evidence that it performed an inspection on the aisle in

question or cleaned it.² Further, contrary to Plaintiff's assertion, there is no evidence that Hobby Lobby ever had video evidence that captured the incident in question, or more importantly given that no one disputes that Plaintiff did in fact fall in the gel-like substance, how and when the substance came to be on the floor. The entire store is not under video surveillance. The testimony from Ms. Clarke and Ms. Boudreaux was that the store's cameras would not have picked up anything on the aisle where Plaintiff fell.

In sum, Hobby Lobby is entitled to judgment as a matter of law. Although this is a harsh result, the Court is bound by the law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 33)** filed by the defendant, Hobby Lobby Stores, Inc., is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the **Re-Urged Motion for Summary Judgment on Medical Causation (Rec. Doc. 34)** filed by the defendant, Hobby Lobby Stores, Inc., is **MOOT**.

**IT IS FURTHER ORDERED** that the telephone conference scheduled for January 5, 2022 is cancelled.

December 3, 2021

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

² The Court notes that the plaintiff's sister, Ms. Faciane, did not notice the spill when she walked down the aisle immediately before her sister. This of course suggests that the gel-like substance was not especially noticeable.